1   JOSEPH A. SCHWACHTER, Bar No. 108124
    LITTLER MENDELSON
2   A Professional Corporation
    650 California Street, 20th Floor
3   San Francisco, CA 94108.2693
    Telephone:   415.433.1940
4   Fax No.:      415.743.6593
    jschwachter@littler.com
5
    Attorneys for Defendant
6   FACET BIOTECH CORPORATION

**FILED**

APR 2 2 2010

ADR

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*Paid*

*NP*

(8)

E-filing

7

8              UNITED STATES DISTRICT COURT

9           FOR NORTHERN DISTRICT OF CALIFORNIA

10

11  CORINE KLINGBEIL,

12              Plaintiff,

13         v.

14  FACET BIOTECH,

15              Defendant.

16

**CV.10-01716  HRL**

Case No.

**DEFENDANT FACET BIOTECH
CORPORATION'S NOTICE OF
REMOVAL OF ACTION UNDER 28
U.S.C. §1441 (FEDERAL QUESTION)**

17  TO THE CLERK AND JUDGES OF THE ABOVE-ENTITLED COURT AND PLAINTIFF

18  CORINE KLINGBEIL:

19              PLEASE TAKE NOTICE that Defendant FACET BIOTECH CORPORATION

20  ("Defendant") hereby removes to this Court the state court action described below.

21              **PLEADINGS AND PROCEDURAL HISTORY**

22         1.      On March 23, 2010, an action was commenced in the Superior Court of the

23  State of California, in the County of Santa Clara ("State Court"), entitled *Corine Klingbeil v. Facet*

24  *Biotech*", designated as Case No. 110 CV 167199.   A true and correct copy of the Complaint is

25  attached hereto as Exhibit 1. True and correct copies of the Civil Cover Sheet and the Summons in

26  the State Court's file are attached hereto as Exhibit 2.  Neither the Complaint, the Summons nor the

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. §1441

Case No. No. _____

1  Civil Cover Sheet were ever served on Defendant; Defendant has simply retrieved these documents

2  from the State Court's file in this case.

3       2.     The first day upon which Defendant became aware of the Complaint was on

4  March 26, 2010, when Plaintiff Klingbeil attempted to bring an ex parte application in the State

5  Court for a temporary restraining order ("TRO") against Defendant based on the Complaint she had

6  filed in this matter.  Defendant appeared in State Court that day but never received a copy of the

7  papers filed by Plaintiff in support of her ex parte application as they were rejected by the State

8  Court on the ground that the papers were not in the proper form. Upon checking, these papers are not

9  in the State Court's file.  Prior to Plaintiff's ex parte papers being rejected, Defendant filed papers in

10  opposition thereto, which included a Declaration of Gwen Carscadden and a memorandum of points

11  and authorities, true and correct copies of which are attached hereto as Exhibit 3. (These papers were

12  never served on Plaintiff as the hearing did not go forward due to the fact that Plaintiff's papers were

13  rejected by the State Court.)

14       3.     On April 20, 2010, Defendant filed an Answer to the Complaint in the State

15  Court; a true and correct copy of the Answer is attached hereto as Exhibit 4.  The aforesaid papers

16  constitute all pleadings and other papers in the State Court's file in this matter as of this date.

17  **FEDERAL QUESTION JURISDICTION**

18       4.     According to the Complaint, this action arises based upon Defendant

19  amending its Retiree Health Care Plan ("Plan") to increase the required monthly contributions for

20  Plan participants.  Plaintiff is a participant in the Plan. The First Cause of Action asserts a claim for

21  breach of contract based upon Defendant amending the Plan. The second cause asserts that

22  Defendant defrauded Plaintiff by amending the Plan. The third cause asserts a claim for intentional

23  infliction of emotional distress based upon Defendant amending the Plan. A copy of the Plan and the

24  amended Plan is attached to the Complaint.

25       5.     The Plan is governed by the Employee Retirement Income Security Act of

26  1974, 29 U.S.C. §29 U.S.C. §1001 *et seq.* ("ERISA")  Accordingly, this action falls directly under

27  ERISA Section 502(a)(1)(B) (29 U.S.C. §1132(a)(1)(B)).

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. §1441
     2.     Case No. _____

6.    The district courts of the United States have original jurisdiction over an action founded on a claim arising under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1001, *et. seq.* Following exhaustion of all administrative remedies, a plan participant or beneficiary seeking judicial review of a benefit determination or alleged ERISA violation may bring suit in the district court of the United States for the district in which he resides or where the events giving rise to the claim allegedly occurred. 29 U.S.C. §1132(e). Additionally, the district courts of the United States have exclusive jurisdiction over civil actions brought by a plan participant or beneficiary to enforce other rights arising under ERISA. 29 U.S.C. §1132(e).

7.    With narrow exceptions, ERISA preempts state law regulation of employee benefit plans:

> Except as provided in subsection (b) of this section [relating to state regulation of insurance, banking or securities], the provision of this title and title IV shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in §4(a) and not exempt under §4(b).

ERISA §514(a), 29 U.S.C. § 1144(a). ERISA section 502(a), 29 U.S.C. §1132(a) provides a comprehensive set of civil remedies. A state law cause of action is preempted under section 502(a) where it "duplicates, supplements, or supplants the ERISA civil enforcement remedy." *Aetna Health Inc. v. Davila* (2004) 542 U.S. 200, 209; *Standard Ins. Co. v. Morrison* (9th Cir. 2009) 584 F.3d 837, 846; *Turnipseed v. Education Management LLC's Employee Disability Plan* (N.D. Cal. 2010) 2010 WL 140384, at *3. As such, any state law claims for breach of contract, breach of duties in tort, or other state law causes of action are preempted.

8.    Therefore, this action is one over which this Court has original jurisdiction under 28 U.S.C. §1331 (federal question), and Defendant may timely remove the case to federal court pursuant to the provisions of 28 U.S.C. §1441(b).

1         WHEREFORE, Defendant Facet Biotech Corporation prays that the above-referenced

2    action now pending in the Superior Court of the State of California, County of Santa Clara, Case

3    No. 110 CV 167199, be removed from that court to this United States District Court.

4

5    Dated: April _22_, 2010

6

7    _Joseph A. Schwachter_ _____

8    JOSEPH A. SCHWACHTER
     LITTLER MENDELSON

9    A Professional Corporation
     Attorneys for Defendant

10   FACET BIOTECH CORPORATION

11   Firmwide:95046226.1 061474.1000

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**NOTICE OF REMOVAL OF ACTION**          4.                              Case No. _____
**UNDER 28 U.S.C. §1441**